# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PHILLIPPI, aka, Robert M. Ray,<br><br>　　　　　　　　　　　Petitioner,<br><br>　vs.<br><br>JEFFREY BEARD, Secretary,<br><br>　　　　　　　　　　　Respondent. | CASE NO. 14cv1310 DMS (MDD)<br><br>**ORDER (1) ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, (2) GRANTING PETITIONER'S MOTION TO AMEND AND (3) DENYING RESPONDENT'S MOTION TO DISMISS** |

　　　　Before the Court is United States Magistrate Judge Mitchell D. Dembin's Report and Recommendation ("R&R") recommending that the Court grant Petitioner's motion to amend and grant Respondent Jeffrey Beard's ("Respondent") motion to dismiss. There are no objections to the R&R. For the reasons set forth below, this Court adopts in part and rejects in part the R&R, grants Petitioner's motion to amend and denies Respondent's motion to dismiss.

## I.
## DISCUSSION

　　　　Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is challenging a September 2011 decision by the California Department of Corrections and Rehabilitation ("CDCR") that validates him as a member of the Aryan Brotherhood

("AB") prison gang. Petitioner moves to amend his Petition to include additional exhibits. Respondent moves to dismiss the Petition on the grounds it is barred by AEDPA's one-year statute of limitations, claim one is unexhausted and claim two fails to present a federal question.[1] Magistrate Judge Dembin recommends the Court grant both motions.

**A.  Standard of Review**

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005). The district court must "make a *de novo* determination of those portions of the report...to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005).

In this case, there are no objections to the R&R. Based on this Court's review, the Court agrees with the Magistrate Judge's recommendation to grant Petitioner's motion to amend. The Court also agrees with the Magistrate Judge's recommendation that Respondent's motion should be denied on the issues of exhaustion and failure to state a cognizable claim. The Court disagrees, however, with the Magistrate Judge's recommendation to grant Respondent's motion on the ground the Petition is untimely.

**B.  Statute of Limitations**

AEDPA sets out a one-year period of limitations for state habeas corpus petitions. *See* 28 U.S.C.A. § 2244(d)(1). It provides:

The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Respondent also asserted the Court lacked jurisdiction because Petitioner was not challenging the legality or duration of his confinement. Respondent withdrew that argument after the Ninth Circuit's decision in *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015). Therefore, the Court does not address that argument.

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

  Here, the Magistrate Judge found Petitioner's statute of limitations began to run on May 22, 2012, the date of the Third Level Appeal Decision from the CDCR on Petitioner's challenge to his gang validation decision. This Court agrees that the gang validation decision was final on that date, and that Petitioner therefore had until May 22, 2013, to file his federal petition.

  Petitioner did not file his federal petition by that date. Instead, on August 15, 2012, Petitioner filed a habeas petition in the Kings County Superior Court. (*See* Docket No. 11-6, Lodgment 4.)[2] By that date, 85 days had expired from Petitioner's one-year statute of limitations. While that petition was pending, Petitioner's statute of limitations was tolled. *See* 28 U.S.C. §2244(d)(2).[3] The statute of limitations continued to be tolled during the pendency of Petitioner's second petition in the California Court of Appeal, Fifth Appellate District. (*See* Docket No. 11-7, Lodgment 5.)

  The Fifth District Court of Appeal denied that petition on January 17, 2013. (Docket No. 11-8, Lodgment 6.) In the order denying that petition, the Court stated Petitioner "has failed to show why he should not be required to litigate these issues in the Fourth Appellate District where he was confined when the gang investigation occurred and he was validated as a gang associate." (*Id.*)

  In response to that order, Petitioner filed a third petition in Imperial County Superior Court. (Docket No. 11-9, Lodgment 7.) Respondent asserts the filing date for

---

[2] The petition is dated August 15, 2012, and Respondent relies on that date as the filing date of the petition. (Mot. at 6.)

[3] Title 28 U.S.C. § 2244 states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

that petition is July 9, 2013, which is the actual filing date. (*Id.*) However, Petitioner asserts he filed that petition "on or about March 1st[,]" (Opp'n to Mot. at 3), which is when he signed the petition. (Docket No. 11-9, Lodgment 7 at 6.[4]) The Magistrate Judge did not address this issue, but it is relevant to whether the present petition was timely filed.

For statute of limitations purposes in habeas cases, many district courts in the Ninth Circuit use the date a petition is signed as the constructive filing date pursuant to the prisoner mailbox rule. *Smith v. Davis*, No. C 14-3122 RS (PR), 2015 WL 5029336, at *1 n.3 (N.D. Cal. Aug. 25, 2015), *appeal filed*, No. 15-16824; *Steward v. Soto*, No. 1:15-cv-00288-LJO-JLT, 2015 WL 4599381, at *1 n.1 (E.D. Cal. July 28, 2015); *Taylor v. Soto*, No. CV 14-5260 JAK (JC), 2015 WL 4207445, at *1 n.1 (C.D. Cal. July 10, 2015); *Patton v. Beard*, No. 14-CV-569-BEN (BLM), 2015 WL 1812811, at *2 n.1 (S.D. Cal. Apr. 20, 2015). Indeed, Respondent used the date Petitioner signed his first petition in Kings County Superior Court as the constructive filing date of that petition. (*See* Mot. at 6.) It is unclear why Respondent changed tack and used the actual filing date of the petition filed in Imperial County Superior Court as opposed to the date that petition was signed. Nevertheless, this Court, consistent with Respondent's first approach and the cases cited above, will use March 1, 2013, as the filing date for the petition in the Imperial County Superior Court. A March 1, 2013 filing date eliminates any argument that there was an "unreasonable delay" between the Fifth District Court of Appeal's January 17, 2013 denial of the second petition and the filing of the third petition in Imperial County Superior Court. *See Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir.), *cert. denied*, *Stewart v. Beard*, ___ U.S. ___, 135 S.Ct. 341 (2014) (discussing Supreme Court's "thirty-to-sixty-day benchmark for California's 'reasonable time' requirement").

---

[4] The page number cited here is the page number assigned by the Court's CM/ECF system.

1 | Regardless of the filing date, however, the Magistrate Judge found Petitioner was
2 | not entitled to statutory tolling for time between the Fifth District Court of Appeal's
3 | denial of the second petition and the filing of the third petition because the third petition
4 | was not "properly filed." (R&R at 23.) In support of this position, the Magistrate Judge
5 | relied on the decision of the Imperial County Superior Court. That court concluded the
6 | third petition was successive because it was exactly the same as the petition filed in
7 | Kings County Superior Court. (Docket No. 11-10, Lodgment 8 at 3.)

8 | A finding that a petition is successive, however, does not necessarily mean it was
9 | not "properly filed." Rather, a finding that a petition is successive is a procedural bar,
10 | which is a separate question from whether a petition is "properly filed." *Cross v. Sisto*,
11 | 676 F.3d 1172, 1176 (9th Cir. 2012) (quoting *Artuz v. Bennett*, 531 U.S. 4, 9 (2000)).
12 | *See also Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005) (citing *Artuz*, 531 U.S.
13 | at 9) ("While Gaston's sixth application was thus procedurally deficient under
14 | California law, it was not improperly filed within the meaning of § 2244(d)(2).") That
15 | question, whether a petition is "properly filed," depends on whether the petition's
16 | "'delivery and acceptance are in compliance with the applicable [state] laws and rules
17 | governing filings.'" *Cross*, 676 F.3d 1172, 1176 (9th Cir. 2012) (quoting *Artuz*, 531
18 | U.S. at 8).

19 | Here, there is evidence the Imperial County Superior Court rejected Petitioner's
20 | first attempt to file his petition because he did not submit proof of service on the District
21 | Attorney's Office. (Opp'n to Mot., Ex. A.) However, that notice of deficiency fails to
22 | cite any state law or rule that sets that requirement, and the California Rule of Court that
23 | governs habeas proceedings contains none. *See* Cal. Rule of Court 4.551. Under these
24 | circumstances, the Imperial County Superior Court "was not authorized" to reject
25 | Petitioner's filing. *In re Gray*, 179 Cal. App. 4th 1189, 1199-1201 (2009) ("In the
26 | absence of a properly promulgated local rule of court, the trial judge was not authorized
27 | to preclude Gray from filing his notice of appeal with the clerk of her courtroom.")
28 |

1  Thus, this Court considers the petition "properly filed" as of the date it was signed,
2  which was March 1, 2013.

3        Regardless of whether the petition was "properly filed," Respondent argues
4  Petitioner is not entitled to statutory tolling for the time between the Fifth District Court
5  of Appeal's denial of his petition and the filing of the third petition in Imperial County
6  Superior Court because the third petition "constituted a new round a review." (Mot. at
7  6.) Courts in the Ninth Circuit "employ a two-part test to determine whether the period
8  between the denial of one petition and the filing of a second petition should be tolled."
9  *Banjo v. Ayers*, 614 F.3d 964, 968-69 (9th Cir. 2010) (citations omitted). "'First, we ask
10 whether the petitioner's subsequent petitions are limited to an elaboration of the facts
11 relating to the claims in the first petition.'" *Id.* at 969 (quoting *King v. Roe*, 340 F.3d
12 821, 823 (9th Cir. 2003) (*abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189
13 (2006))). "If the petitions are not related, then the subsequent petition constitutes a new
14 round of collateral attack, and the time between them is not tolled." *Id.* (citing
15 *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007)). "If the successive petition
16 was attempting to correct deficiencies of a prior petition, however, then the prisoner is
17 still making 'proper use of state court procedures,' and habeas review is still pending."
18 *Id.* (quoting *King*, 340 F.3d at 823). "Second, if the successive petition was not timely
19 filed, the period between the petitions is not tolled." *Id.* (citing *Hemmerle*, 495 F.3d at
20 1075).

21       In this case, the Court has already answered the second question in the
22 affirmative: Based on the date the third petition was signed, March 1, 2013, it was
23 timely. Thus, only the first issue remains to be resolved. On that issue, Respondent
24 concedes the third petition "is identical (an exact photocopy) to [Petitioner's] Kings
25 County Superior Court petition[.]" (Mot. at 6 n.6.) It is also beyond dispute that
26 Petitioner filed the third petition in an effort to correct the deficiency noted by the Fifth
27 District Court of Appeal, namely that he had filed his petition in the wrong district.
28 Under these circumstances, Petitioner is entitled to statutory tolling for the time

between the Fifth District Court of Appeal's denial of his petition and the March 1, 2013 filing of his petition in the Imperial County Superior Court. That tolling continued until the California Supreme Court denied the petition filed in that court on March 12, 2014. Thus, Petitioner is entitled to statutory tolling from August 15, 2012, the date of filing his first habeas petition in Kings County Superior Court, through March 12, 2014.

On March 13, 2014, Petitioner's statute of limitation began to run again. At that time, eighty-five days of his statute of limitation had expired, leaving him with another 280 days to timely file a petition in federal court. The present petition was filed seventy-five days later on May 27, 2014, and thus it is timely under AEDPA.[5]

## II.

## CONCLUSION AND ORDER

With the exception of the Magistrate Judge's finding that the present petition is untimely, the Court agrees with the Magistrate Judge's findings, specifically, that Petitioner be granted leave to amend his Petition, that the claims are exhausted and cognizable on federal habeas review. Thus, the Court **ADOPTS** the recommendation to grant Petitioner's motion to amend, but **REJECTS** the recommendation to grant the motion to dismiss. Instead, the Court denies that motion, and orders as follows:

1. Respondent shall file and serve an answer to the Petition no later than **October 26, 2015**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims.

2. Petitioner may file a traverse to matters raised in the answer no later than **November 25, 2015**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief

---

[5] In light of this finding, the Court does not address whether Petitioner is entitled to equitable tolling of the statute of limitations.

withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

3. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

4. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's traverse is due.

5. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

6. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED**.

DATED: September 21, 2015

HON. DANA M. SABRAW
United States District Judge